[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 20, 2006
THOMAS K. KAHN
CLERK

No. 05-11965
Non-Argument Calendar

_____

D. C. Docket No. 98-00106-CR-18JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY LEE WHITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 20, 2006)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Appellant Henry Lee White appeals *pro se* the district court's denial of his

18 U.S.C. § 3582(c)(2) motion to modify or reduce his term of imprisonment.  In 1998, White was convicted of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).  He now argues that he is entitled to relief based on the change made by Amendment 591 to § 1B1.1(a) of the United States Sentencing Guidelines requiring that the applicable guideline section be determined by the offense of conviction.  He claims that because no drug quantity was found by the jury in his case, his base offense level under the career offender provision, U.S.S.G. § 4B1.1, should be lowered because he should have been sentenced under the provision of § 841 which carries a 20-year statutory maximum.[1]

We review a district court's decision whether to reduce a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion.  *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003).

"Under 18 U.S.C. §3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant

---

[1]The government asks us to hold that discretionary rulings made under § 3582(c)(2) are unreviewable pursuant to 18 U.S.C. § 3742(a), and to dismiss White's appeal for lack of jurisdiction.  We refuse to hold as the government urges. We have jurisdiction over White's appeal because it is a final order denying White's motion for reduction of sentence.  28 U.S.C. § 1291.  We have also routinely handled § 3582 appeals.  *See, e.g.*, *United States v. Vautier*, 144 F.3d 756 (11th Cir. 1998).

2

was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). However, § 3582(c) does not grant the district court jurisdiction to reconsider all original sentencing determinations. *Id.* at 781-82. Pursuant to § 3582(c), the district court may not modify an imposed term of imprisonment upon motion of the defendant unless the defendant's sentencing range was subsequently lowered by an amendment to the Sentencing Guidelines. *Id.*

Amendment 591 became effective on November 1, 2000, and is retroactively applicable. U.S.S.G. § 1B1.10(c). Under the amendment, U.S.S.G. § 1B1.1(a) instructs the district court to "determine, pursuant to § 1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction." U.S.S.G. App. C, Amend. 591. Furthermore, Amendment 591 changed U.S.S.G. § 1B1.2(a), instructing the sentencing court to "[r]efer to the Statutory Index (Appendix A) to determine the Chapter Two offense guideline, referenced in the Statutory Index for the offense of conviction. . . . For statutory provisions not listed in the Statutory Index, use the most analogous guideline." *Id.* (amending U.S.S.G. § 1B1.2(a)). The amendment was designed to rectify confusion among circuits as to whether the sentencing

court should apply a guideline section referenced in the Statutory Index, rather than selecting the guideline section based on the defendant's actual conduct, even if uncharged. *See* U.S.S.G. App. C, Amend. 591, "Reason for Amendment." The Statutory Index indicates that U.S.S.G. § 2D1.1 is the applicable guideline section for § 841(a) offenses. U.S.S.G. App. A.

Amendment 591, however, only applies to the selection of the relevant offense guideline, not the selection of a base offense level within the applicable offense guideline; it "does not constrain the use of judicially found facts to select a base offense level within the relevant guideline." *United States v. Moreno*, 421 F.3d 1217, 1219-20 (11th Cir. 2005).

After reviewing the record and reading the parties' briefs, we conclude that the district court did not abuse its discretion in denying White's § 3582 motion.[2] White's base offense level was initially determined by U.S.S.G. § 2D1.1, which is the applicable guideline section for § 841(a) offenses. U.S.S.G. App. A. As the Statutory Index contains an applicable guideline section for White's offense of conviction, there is nothing in the text of Amendment 591 that impacts his

---

[2] The district court denied White's motion in an endorsed order. We have, in the past, noted our disapproval of the district court's use of endorsed orders. *See In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003) (admonishing district court not to enter summary orders and to provide "a meaningful explanation of its decision[s]"). However, the law, record, and briefs of the parties allow for meaningful appellate review in this case despite the endorsed order.

sentence. White argues that because the drug quantity in his case was not determined by a jury, he should have been sentenced pursuant to a different offense of conviction and, therefore, received a lower base offense level. However, *Moreno* is directly on point, and clearly rejected such an argument. *Moreno*, 421 F.3d at 1220. Therefore, this portion of White's argument is without merit.

White was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. Under § 4B1.1, if the offense statutory maximum is life, the offense level is 37 while if the offense statutory maximum is 20 years, the offense level is 32. Even so, §4B1.1 does not appear in the Statutory Index. (*See generally* U.S.S.G. App. A). Moreover, the selection of § 4B1.1 was not based upon actual conduct which was uncharged, but upon White's criminal history.

Even if, as White argues, he should have been sentenced under the provision of § 841 which carries a 20-year statutory maximum, Amendment 591 would only affect selection of the proper base offense level guideline, not the selection of the correct base offense level within that guideline. *Moreno*, 421 F.3d at 1219-20. Moreover, even if the district court used the wrong statutory maximum in computing White's base offense level under § 4B1.1, Amendment 591 does not address that error, but only addresses the improper consideration of actual, but uncharged, conduct in selecting the applicable guideline. Thus, Amendment 591

5

does not apply to the instant case, and provides no basis for a sentence modification pursuant to § 3582.

Because Amendment 591 had no impact on White's sentence, we hold that the district court did not abuse its discretion in denying his § 3582 motion. Accordingly, we affirm the district court's order denying White's motion to modify or reduce his term of imprisonment.

**AFFIRMED.**