

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2006

# USA v. McKnight

Precedential or Non-Precedential: Precedential

Docket No. 05-1950

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. McKnight" (2006). *2006 Decisions.* Paper 993.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/993

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-1950

———

UNITED STATES OF AMERICA

v.

BRUCE MCKNIGHT,

Appellant

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 01-cr-00036-3)
District Judge: Honorable Gary L. Lancaster

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2006

Before: RENDELL and VAN ANTWERPEN, Circuit Judges,
and ACKERMAN, District Judge*

(Filed:   May 22, 2006)

Adam B. Cogan
One Northgate Square
Greensburg, PA 15601

*Counsel for Appellant*

Mary Beth Buchanan
Rebecca R. Haywood
Laura S. Irwin
Office of the United States Attorney
700 Grant Street, Suite 400
Pittsburgh, PA 15219

*Counsel for the Government*
____

OPINION OF THE COURT
____

VAN ANTWERPEN, <u>Circuit Judge</u>.

_____

*Honorable Harold A. Ackerman, Senior United States District
Judge for the District of New Jersey sitting by designation.

2

Bruce McKnight appeals the extent of his reduced sentence pursuant to the Government's Fed.R.Crim.P. 35(b) motion, and the adequacy of the District Court's factual findings on the motion. Consistent with the holdings of six of our sister courts of appeals who have faced similar challenges, we find that we lack jurisdiction and will therefore dismiss.

I.

Bruce McKnight pleaded guilty on May 31, 2002, to one count of conspiracy to distribute in excess of 5 kg of cocaine and 50 g of cocaine base, pursuant to 21 U.S.C. § 846. McKnight cooperated with the Government and provided information and testimony, both before and after his plea, against other indicted persons. McKnight was originally sentenced on May 31, 2002, to 262 months imprisonment. Over a year later, pursuant to McKnight's plea agreement, the Government filed a motion under Fed.R.Crim.P. 35(b) to reduce his sentence based upon the substantial assistance he had provided to the Government. Following a hearing, on March 4, 2005, the District Court reduced McKnight's sentence to 120 months imprisonment.

Immediately after the sentence reduction, McKnight discovered that the Government's Rule 35(b) motion had not included mention of the assistance given the Government by McKnight's brother, on McKnight's urging. Both McKnight and his brother had been told by the case agent that such assistance could be the basis for a sentence reduction, and that the assistance would be communicated to the United States Attorney and the District Judge. McKnight promptly filed a

motion to correct his sentence, then appealed the sentence to this Court in the interim. The District Court determined that the appeal divested it of jurisdiction over the motion to correct the sentence; this Court on August 9, 2005, stayed the appeal to allow the District Court to rule on the motion.

The District Court held a hearing on the motion on September 12, 2005, and heard arguments as well as testimony from the case agent. The District Court held that even if it had the power to credit "surrogate assistance" under Rule 35(b), it would not have reduced McKnight's sentence any further than the over-50% reduction already granted at the March 4, 2005, hearing.

## II.

McKnight presents two arguments on appeal: (1) the District Court should have granted a further reduction in McKnight's sentence because of his brother's assistance to the Government; and (2) the District Court did not "adequately analyze" the evidence supporting the Rule 35(b) motion. These arguments reduce to an appeal of the extent of and foundation for the sentence reduction granted pursuant to the Rule 35(b) motion[1]; McKnight does not allege, nor could he on this record, that the District Court felt it lacked jurisdiction or the discretion to grant a further reduction in sentence. See 18 U.S.C. §

---

1. Contrary to McKnight's second contention, we find no deficiency in the District Court's analysis of the Government's Rule 35(b) motion. United States v. Torres, 251 F.3d 138 (3d Cir. 2001).

4

3742(a)(1) (violation of law).

We lack jurisdiction over this appeal, which is closely akin to challenging the extent of an U.S.S.G. § 5K1.1 order. See United States v. Moran, 325 F.3d 790 (6th Cir. 2003) (collecting cases from the Second, Seventh, Ninth, Tenth, and Eleventh Circuits, all holding that the court lacks jurisdiction over an appeal of a Rule 35(b) sentence reduction). United States v. Booker, 543 U.S. 220 (2005), did not expand the situations in which a defendant may appeal a sentence under 18 U.S.C. § 3742(a) to include discretionary sentencing reductions. United States v. Cooper, 437 F.3d 324 (3d Cir. 2006). Thus, in Cooper we followed our pre-Booker precedent that we do not have jurisdiction to review a sentencing court's discretionary decision to depart downward from the Guidelines. Id. at 333. Likewise, we may rely here on our pre-Booker view that we do not have jurisdiction to consider an appeal from a § 5K1.1 order that does not allege a violation of 18 U.S.C. § 3742(a). United States v. Torres, 251 F.3d 138, 151-52 (3d Cir. 2001). We decline to follow the approach of the First Circuit in United States v. McAndrews, 12 F.3d 273 (1st Cir. 1993), the only case McKnight cites in support of jurisdiction.

## III.

We conclude that we lack jurisdiction in this matter, and will dismiss the appeal. We have considered all other arguments made by the parties on appeal, and conclude that no further discussion is necessary.