

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-11-2007

# USA v. Alevras

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3907

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Alevras" (2007). *2007 Decisions*. Paper 1780.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1780

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3907
_____

UNITED STATES OF AMERICA

v.

CHRIS G. ALEVRAS,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 97-cr-00099)
District Judge:  Honorable Joseph A. Greenaway, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
January 9, 2007

Before:  McKEE, AMBRO and FISHER, *Circuit Judges*.

(Filed:  January 11, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Chris Alevras appeals from the District Court's denial of his motion to reduce or

terminate his term of supervised release and granting the government's motion for a one-

year reduction of his term of supervised release pursuant to Rule 35 of the Federal Rules

of Criminal Procedure.  For the reasons set forth below, we will dismiss Alevras's appeal for lack of jurisdiction.

I.

Alevras pleaded guilty to bank fraud, making a false claim and unlawful possession of a firearm by a convicted felon in March 1997.  He was sentenced to an 87-month term of imprisonment and five years of supervised release.  Approximately one year after he was released from prison and had begun to serve his term of supervised release, Alevras filed a motion seeking termination of the remainder of his term of supervised release on the ground that, while in prison, he had rendered substantial assistance to federal agents who were investigating corrupt corrections officers.  Because it acknowledged that Alevras had provided assistance while in prison, the government opposed Alevras's motion but made its own motion pursuant to Federal Rule of Criminal Procedure 35(b) for a one-year reduction in Alevras's remaining term of supervised release.

Prior to the hearing before the District Court on this matter, the Probation Office filed a Violation of Supervised Release Report with the District Court, indicating that Alevras had refused to make timely restitution payments in violation of a condition of his supervised release.  After holding a hearing, the District Court granted Alevras a conditional reduction in the term of his supervised release.  Alevras would receive a one-year reduction so long as he complied with a court-ordered schedule of restitution

2

payments.  Should he fail to make those payments, Alevras's original term of supervised release would be reimposed.

This timely appeal followed.

## II.

Alevras contends that the District Court erred by only reducing his term of supervised release by one year and by making that reduction dependent on his continued compliance with a restitution schedule.  However, before we may reach the merits of his appeal, we must satisfy ourselves that we have jurisdiction.

Alevras first advances the position, held only by the First Circuit, that we have jurisdiction over his appeal pursuant to 28 U.S.C. § 1291.  *See United States v. McAndrews*, 12 F.3d 273, 278-79 (1st Cir. 1993).  However, we have recently expressly rejected this argument and held, as does every other circuit to have addressed this issue, that we exercise jurisdiction over appeals from Rule 35(b) motions under the limited grant given in 18 U.S.C. § 3742.  *United States v. McKnight*, 448 F.3d 237, 238 (3d Cir. 2006).

As an alternative basis, Alevras contends that under § 3742 and the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), we may review the District Court's grant of the Rule 35(b) motion for reasonableness.  This argument is again foreclosed by our decision in *McKnight*.  "[I]n *[United States v.] Cooper* we followed our pre-*Booker* precedent that we do not have jurisdiction to review a sentencing court's discretionary decision to depart downward from the Guidelines."  *McKnight*, 448 F.3d at 238 (citing *United States v. Cooper*, 437 F.3d 324, 333 (3d Cir.

3

2006)). Therefore, we still lack jurisdiction to consider an appeal from a Rule 35(b) motion unless it is imposed in violation of law. *Id.* Our case law clearly states that the fact that a district court did not reduce a sentence to the extent requested by the defendant is not a sentence imposed in violation of law. *Id.* Therefore, we lack jurisdiction to consider Alevras's claim.

For the reasons set forth above, we will dismiss Alevras's appeal for lack of jurisdiction.