

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2007

# USA v. Reeves

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5464

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Reeves" (2007). *2007 Decisions.* Paper 1337.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1337

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5464
_____

UNITED STATES OF AMERICA

v.

CHARLES REEVES,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 02-cr-00195-14)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2007

Before:  FISHER, JORDAN and ROTH, *Circuit Judges*.

(Filed: April 6, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

After pleading guilty to conspiracy to distribute more than 500 grams of cocaine in

violation of 21 U.S.C. §§ 841 and 846, Charles Reeves was sentenced to 78 months

imprisonment.  He appeals that sentence, claiming the District Court improperly failed to

grant a discretionary downward departure for time Reeves spent in detention on state charges. For the reasons set forth below, we will dismiss Reeves' appeal for lack of jurisdiction.

## I.

Because we write only for the parties, who are familiar with the factual and procedural history of this case, we will set forth only those facts necessary to our analysis. Between 1994 and 2002, Reeves was a participating member of the Lex Mob, a gang of criminal drug dealers engaged in a cocaine enterprise in Jersey City, New Jersey. Reeves served as a street seller for the gang, distributing small vials of cocaine.

Prior to the arrest leading to this appeal, Reeves was arrested several times by state authorities, two of which are pertinent to this case. Reeves was arrested on March 10, 2000, for possession with intent to distribute cocaine ("the cocaine offense") and on July 26, 2001, for possession with intent to distribute heroin ("the heroin offense"). The cocaine offense took place in Lex Mob territory. The heroin offense did not. Reeves was sentenced to five years of probation on each offense, subject to the condition that he participate in and complete a drug rehabilitation program.

Reeves was again arrested by state authorities on February 22, 2002, and was subsequently charged with possessing with intent to distribute cocaine. On April 1, 2002, the United States charged Reeves, along with twenty-seven other members of the Lex Mob gang, with conspiracy. The state charges against Reeves were dismissed. Reeves entered into a plea agreement on June 24, 2002, which included a waiver of any right to

2

appeal his sentence if the District Court's computation was a base offense level of 25 or lower. On October 9, 2002, Reeves pleaded guilty to one count of conspiracy to distribute at least 500 grams of a substance containing cocaine, in violation of 21 U.S.C. §§ 841 and 846.

Based on the February 22 arrest and his failure to enroll in and complete a drug rehabilitation program, the New Jersey court revoked Reeves' probation for the state cocaine and heroin offenses on March 23, 2003. He was sentenced to five years of imprisonment on each offense, to run concurrently. Reeves completed serving these sentences on April 5, 2005.

A sentencing hearing on the federal charge was initially set for September 9, 2005. After giving the parties time for briefing, the District Court reconvened to sentence Reeves on November 29, 2005. At the hearing, Reeves' counsel argued for a reduction in sentence pursuant to § 5G1.3(c) of the Sentencing Guidelines, which would have given Reeves credit for time he spent serving his state sentences. The District Court denied that motion in part, granting Reeves credit for the time he spent in prison between February 22, 2002 and March 7, 2003, and between April 5, 2005 and his sentencing on November 29, 2005. The District Court did not grant Reeves credit for the time he was in prison from March 7, 2003 until April 5, 2005, as that time was credited against his state sentence. The District Court subsequently found that Reeves' base offense level was 25, and sentenced him to 78 months imprisonment.

This timely appeal followed.

3

II.

Before we may consider the substance of Reeves' argument, we must satisfy ourselves that we have jurisdiction. We have repeatedly held that a valid plea agreement containing a waiver of a defendant's right to appeal his sentence deprives this Court of jurisdiction. *United States v. Wilson*, 429 F.3d 455, 457 (3d Cir. 2005). Therefore, so long as a plea agreement is entered into knowingly and voluntarily, we may not exercise jurisdiction over a defendant's subsequent appeal. *Id.* At the time of his appeal, Reeves waived his right to appeal his sentence so long as the District Court computed his base offense level as 25 or less. The District Court did just this. However, as our colleagues in the Fifth Circuit have pointed out, in the absence of the government's objection to the appeal, the government has waived its right to enforce the provision of the plea agreement involving waiver. *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) (explaining that, because contract law governs plea agreements, when a party to that agreement fails to raise a provision that is beneficial to it, it waives the provision). Here, the government has not relied on the plea agreement to claim that Reeves' appeal is inappropriate. Therefore, the plea agreement has not deprived us of jurisdiction.

However, the government argues that we lack jurisdiction over this appeal not based on a waiver theory, but based on our holdings in *United States v. Cooper*, 437 F.3d 324, 333 (3d Cir. 2006), and *United States v. McKnight*, 448 F.3d 237, 238 (3d Cir. 2006), that we lack jurisdiction to review a district court's refusal to grant a discretionary downward departure or the extent of such a departure if it is granted. In such cases, we

4

lack jurisdiction to review the district court's decision unless it was imposed in violation of the law. *Id.* at 238. Therefore, we now address whether the pertinent section of the Guidelines gives a district court such discretionary authority or, alternatively, whether the District Court in the current case imposed a sentence in violation of the law.

Reeves argues that the appropriate inquiry in this case is under Guidelines § 5G1.3(c). Under the 2004 edition of the Guidelines in effect at the time Reeves was sentenced, § 5G1.3(c) reads: "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S. Sentencing Guidelines Manual § 5G1.3(c).

Reeves' reliance on § 5G1.3(c) is mistaken. Section 5G1.3(c) refers only to undischarged terms of imprisonment. By the time Reeves was sentenced, his term of imprisonment for the state charges had been discharged. According to application note 4 to § 5G1.3, departures based on discharged terms of imprisonment are covered by § 5K2.23.[1] Therefore, we look to that provision.

Section 5K2.23 of the Guidelines allows a district court to grant a downward departure if two conditions are met: (1) a defendant has completed a term of

---

[1]While the District Court referred to its authority under § 5G1.3(c) rather than § 5K2.23, the appropriate considerations are the same under both. Therefore, we find no reversible error in the District Court's reference to § 5G1.3.

imprisonment, and (2) § 5G1.3(b) would have provided an adjustment had the term been undischarged. U.S. Sentencing Guidelines Manual § 5K2.23. Therefore, we look to § 5G1.3(b) when making determinations under § 5K2.23. Section 5G1.3(b) provides for an adjustment if a term of imprisonment "resulted from another offense that is relevant conduct to the instant offense" and "that was the basis for an increase in the offense level for the instant offense." U.S. Sentencing Guidelines Manual § 5G1.3(b). Therefore, under § 5K2.23, if a defendant has completed a term of imprisonment for a separate offense from the offense for which he is being sentenced, the two offense arise from related conduct, and, further, if the related offense served to increase the offense level for the instant offense, the District Court may grant a downward departure to account for the discharged prison term.

The question is whether we have jurisdiction to review such a departure under § 5K2.23. While § 5G1.3(b) is written in mandatory terms, requiring that a district court make an adjustment and run sentences concurrently, § 5K2.23 is worded in terms of "may" rather than "shall." *Compare* U.S. Sentencing Guidelines Manual § 5G1.3(b), *with* U.S. Sentencing Guidelines Manual § 5K2.23. Therefore, departures under § 5K2.23 are discretionary. As such, we lack jurisdiction to review them unless they are imposed in violation of law. *McKnight*, 448 F.3d at 238.

The District Court in the present case did not impose a sentence in violation of the law. It properly understood that it had discretion to award Reeves a downward departure if Reeves could properly prove he met the requirements of § 5K2.23, but chose not to do

6

so as the heroin offense for which Reeves was serving his state sentence was unrelated to the cocaine conspiracy which was the foundation of his federal charge. U.S. Sentencing Guidelines Manual § 5K1.3(b). As the District Court properly understood its discretion but chose not to exercise that discretion, we may not review the its decision.

For the reasons stated above, we will dismiss Reeves' appeal for lack of jurisdiction.