

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-11-2007

# USA v. Collins

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5457

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Collins" (2007). *2007 Decisions.* Paper 1325.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1325

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5457
_____

UNITED STATES OF AMERICA

v.

MICHAEL COLLINS, a/k/a Mikey,


Michael D. Collins,

Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 05-cr-00557-5)
District Judge:  Honorable Garrett E. Brown, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2007

Before:  FISHER, JORDAN and ROTH, *Circuit Judges*.

(Filed: April 11, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

After Michael Collins filed a timely notice of appeal from the District Court's entry of a judgment of conviction and sentence, Collins's appointed counsel filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons set forth below, we will grant counsel's *Anders* motion and affirm the judgment of the District Court.

I.

As we write only for the parties, who are familiar with the factual context and the procedural history of the case, we will set forth only those facts necessary to our analysis. Collins's conviction stems from an investigation that began in February of 2004, dealing with the sale of controlled substances in Asbury Park, New Jersey. After an extensive investigation involving wiretaps, video surveillance and controlled purchases of narcotics, law enforcement officers arrested Collins. On July 21, 2005, a twelve-count indictment was filed in the United States District Court for the District of New Jersey charging that Collins, and others, knowingly and intentionally conspired and agreed to distribute and to possess with intent to distribute heroin. After extensive proffer meetings, Collins was offered a cooperative plea agreement.

At a September 7, 2005 plea proceeding, Collins pleaded guilty to Count One of the indictment, which charged that he knowingly and intentionally possessed with the intent to distribute at least 100 grams of heroin, a Schedule I narcotic, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The government agreed to dismiss the remaining

counts of the indictment, and Collins voluntarily waived the right to file any appeal pursuant to paragraph 8 of Schedule A of the Plea Agreement. Based on the cooperation and assistance Collins provided the government upon his arrest, the government also moved for a downward departure pursuant to U.S.S.G. § 5K1.1. Collins was sentenced to 140 months imprisonment, 5 years supervised release, and a fine of $4,000.

Collins filed a timely notice of appeal. Concluding that there were no non-frivolous issues to appeal, Collins's counsel filed a motion to withdraw pursuant to *Anders v. California*, together with a supporting brief.

## II.

"In *Anders*, the Supreme Court established guidelines for a lawyer seeking to withdraw from a case when the indigent criminal defendant he represents wishes to pursue frivolous arguments on appeal." *United States v. Youla*, 241 F.3d 296, 299 (3d Cir. 2001). In his role as advocate, the "constitutional requirement of substantial equality and fair process . . . requires that counsel support his client's appeal to the best of his ability." *Id.* However, if a thorough examination of the record indicates that the client has no reasonable grounds for appeal, counsel "should so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744. When so doing, counsel must submit a brief in support of his request, identifying any issues that might "arguably support the appeal." *Id.*

"The Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in *Anders* to assure that indigent clients receive adequate and

fair representation." *Youla*, 241 F.3d at 300. Rule 109.2(a) requires that, "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to [*Anders*,] which shall be served upon the appellant and the United States." L.A.R. 109.2(a).

Once counsel has filed an *Anders* motion and submitted a brief, it is our role to decide whether the appeal before us is wholly frivolous. Our inquiry is twofold, considering (1) "whether counsel adequately fulfilled the requirements of [Rule 109.2(a)]," and, (2) "whether an independent review of the record presents any nonfrivolous issues." *Youla*, 241 F.3d at 300 (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)).

A.

Under the first prong of a Rule 109.2(a) inquiry, counsel must present sufficient information "to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and . . . to explain why the issues are frivolous." *Id.* at 300. After thoroughly reviewing the record in this appeal, we conclude that counsel has satisfied the requirements of Rule 109.2(a).

Although counsel need not raise and reject every possible claim, he must "provide sufficient indicia that he thoroughly searched the record and the law in service of his client so that we might confidently consider only those objections raised." *Id.* (internal quotation marks and citations omitted). In his brief, counsel identified two possible

4

issues for appeal and submitted a review of the law and an appendix with the salient portions of the record. Such a compilation demonstrates that counsel thoroughly searched the record and the law in service of his client. Furthermore, counsel has set forth in his brief why the two issues raised are frivolous.

B.

After satisfying ourselves that the first prong of our Rule 109.2(a) inquiry has been met by counsel's thorough examination of the record, we must review the record and determine whether there exist any non-frivolous issues for appeal. An appeal as a matter of law is frivolous where "none of the legal points [are] arguable on their merits." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *Youla*, we adopted the approach of the Unites States Court of Appeals for the Seventh Circuit in *United States v. Wagner*, 103 F.3d 551 (7th Cir. 1996), to determine "how deeply the appellate courts must explore the record to determine whether" the appeal is wholly frivolous. *Youla*, 241 F.3d at 301. We rejected a "complete scouring of the record" and held that "where the *Anders* brief initially appears adequate on its face, the proper course is for the appellate court to be guided in reviewing the record by the *Anders* brief itself." *Id.* (internal quotation marks and citations omitted). Because the *Anders* brief filed here by counsel is adequate on its face, we are accordingly guided by that brief.

Initially, it is important to note that Collins's guilty plea limits the issues he may raise on appeal to challenging the validity of his indictment or guilty plea.[1] *See Menna v. New York*, 423 U.S. 61, 62 (1975) (citing *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)) (allowing a challenge to the indictment despite a waiver); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (allowing a challenge to the voluntariness of the plea).

First, there are no non-frivolous issues regarding the constitutionality of Collins's indictment. *See Menna*, 423 U.S. at 62 (citing *Blackledge*, 417 U.S. at 30).

Second, we agree with counsel that there is no colorable claim with respect to the validity of the plea. For a plea to withstand a challenge on review, it must meet both the statutory requirements of Federal Rule of Criminal Procedure 11 and the constitutional requirements as set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969). A review of the plea colloquy demonstrates that the District Court properly questioned and advised Collins as to his rights, took affirmative steps "to ensure that the plea was intelligent and voluntary," and determined the factual basis for the plea pursuant to *Boykin* and Federal Rule of Criminal Procedure 11. *See Boykin*, 395 U.S. at 242.

As to any potential claim that the District Court erred in its sentencing, we agree with counsel that no non-frivolous issue for appeal exists. Collins was properly found to

---

[1]"Waivers of appeals, if entered into knowingly and voluntarily, are valid." *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2007). The plea hearing transcript demonstrates that Collins entered into his plea agreement knowingly and voluntarily and we find that such a waiver does not work a miscarriage of justice. We therefore hold that the waiver of appellate rights is valid.

be a career offender under U.S.S.G. § 4B1.1(a). The District Court sentenced Collins to 140 months imprisonment and, upon release, he will be place on supervised release for a period of 5 years. This sentence represents a discretionary downward departure, pursuant to the government's § 5K1.1. motion, from the otherwise applicable Sentencing Guidelines range of 188 to 235 months. We find no problem with the sentencing procedure used by the District Court.

Finally, as to any potential appeal that the extent of the downward departure was insufficient, we lack jurisdiction to review the extent of a district court's departure under § 5K1.1 unless it is imposed in violation of law. *United States v. McKnight*, 448 F.3d 237, 238 (3d Cir. 2006). Collins's sentence was not imposed in violation of law, and we therefore may not review the District Court's decision.

In sum, after conducting our own review, we find no non-frivolous issues to raise on appeal  For this reason, we will grant defense counsel's *Anders* motion and affirm the sentence imposed by the District Court.[2]

---

[2]As a result, we conclude that it is not necessary to appoint counsel to file a petition for rehearing in this Court or a petition for writ of certiorari in the United States Supreme Court on Collins's behalf. *See* L.A.R. 109.2(b).