NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 10-4702
_____

UNITED STATES OF AMERICA

v.

SANJEEV ANANT SRIVASTAV,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-05-cr-00193-007)
District Judge:  Honorable Paul S. Diamond

_____

Submitted Under Third Circuit LAR 34.1(a)
June 25, 2012

Before: SLOVITER, CHAGARES, and JORDAN, *Circuit Judges*

(Filed:  June 26, 2012)
_____

OPINION
_____

SLOVITER, *Circuit Judge*.

Appellant Sanjeev Anant Srivastav claims that the District Court, in granting the Government's motion to reduce sentence under Federal Rule of Criminal Procedure 35(b), should have reduced his initial fifteen-year sentence by more than two years. Under *United States v. McKnight*, 448 F.3d 237 (3d Cir. 2006), we lack jurisdiction to review Srivastav's claim and will dismiss his appeal accordingly.

## I.

In January 2006, Srivastav was charged in a superseding indictment with seven counts of criminal conduct, all of which stemmed from his role in an illegal prescription drug enterprise. Srivastav was convicted by a jury on all counts: conspiracy to distribute controlled substances; conspiracy to import controlled substances; conspiracy to introduce misbranded non-controlled drugs into interstate commerce; conspiracy to introduce misbranded controlled drugs into interstate commerce; conspiracy to commit money laundering; and two counts of transactional money laundering.[1]

The District Court determined that Srivastav's offense level (35) and criminal history category (I) produced an advisory Guidelines range of 168-210 months. The District Court then sentenced Srivastav to 180 months of imprisonment, three years of supervised release, a $100,000 fine, and a $600 special assessment. Srivastav was also ordered to forfeit certain personal property and bank accounts.

---

[1] The 'misbranded controlled drugs' count was eventually dismissed by the District Court as "multiplicitous." Supp. App. at 111.

While Srivastav's direct appeal was pending in this court, we granted the parties' joint motion for summary remand in order for the District Court to consider a motion by the Government under Rule 35(b). In exchange for the Government's motion, Srivastav agreed to waive his right to appeal any new sentence.

The District Court granted the Government's Rule 35(b) motion and reduced Srivastav's sentence by two years, resulting in a sentence of thirteen years of imprisonment. The District Court also considered Srivastav's appellate waiver, his post-sentence rehabilitation, his family circumstances, his immigration status, and his personal characteristics—in the context of the factors listed in 18 U.S.C. § 3553(a)—to determine whether a further sentence reduction was warranted.[2] The District Court ultimately determined that those considerations did not warrant a further reduction in sentence. Srivastav then filed this appeal.

## II.

On appeal, Srivastav raises one issue: "Whether the District Court's reduction in sentence of 24 months from the Court's initial sentence of 180 months pursuant to the

---

[2] The District Court noted that the courts of appeal are divided on the issue of whether a court adjudicating a Rule 35(b) motion may consider the § 3553(a) factors as grounds to further reduce a defendant's sentence. *Compare United States v. Tadio*, 663 F.3d 1042, 1043 (9th Cir. 2011) (district court may consider § 3553(a) factors) *with United States v. Clawson*, 650 F.3d 530, 537 (4th Cir. 2011) ("[W]hen deciding whether to grant a Rule 35(b) motion, a district court may not consider any factor other than the defendant's substantial assistance to the government.") *and United States v. Manella*, 86 F.3d 201, 204 (11th Cir. 1996) (a district court can consider non-assistance factors, but only in the context of limiting or outright denying a sentence reduction under Rule 35(b)). Because resolution of this issue is unnecessary to decide the instant appeal, we leave it for another day.

3

Government's Rule 35 motion was unreasonable on the grounds that application of the § 3553 sentencing factors and related considerations mandated a more substantial reduction in sentence?" Appellant's Br. at 2.

The Government argues that, under *McKnight*, this court lacks jurisdiction to consider Srivastav's claim.[3] Srivastav concedes that "*McKnight* says precisely what the government contends" but asks that this court "reconsider the wisdom of its decision in *McKnight*."[4] Reply Br. at 4, 8.

### III.

The parties correctly recognize that this appeal is governed by *McKnight*. In that case, defendant McKnight pled guilty to a drug charge and was initially sentenced to 262 months of imprisonment. *See McKnight*, 448 F.3d at 237. Pursuant to the plea agreement, McKnight cooperated with the Government, and the Government in turn filed a Rule 35(b) motion. The district court granted the motion and reduced McKnight's sentence by 142 months. Immediately thereafter, McKnight moved to correct the new sentence, arguing that the Government's Rule 35(b) motion failed to mention the assistance provided to the Government by McKnight's brother, on his urging. The district court denied the motion, concluding that even if it had considered the allegedly

---

[3] Alternatively, "the government moves for summary affirmance of the sentence based on the appellant's waiver of the right to appeal the sentence in this case." Appellee's Br. at 12. In the event the court is not persuaded by the jurisdictional or waiver arguments, the Government also argues that Srivastav's new sentence is reasonable.

[4] Even if Srivastav had presented a colorable argument that *McKnight* should be reconsidered—which he has not—this panel is precluded from conducting such reconsideration. *See* 3d Cir. I.O.P. 9.1.

omitted information, "it would not have reduced McKnight's sentence any further." *Id.* at 238. We dismissed McKnight's appeal and joined the vast majority of circuits in holding that a court of appeals lacks jurisdiction to review the extent of a district court's Rule 35(b) sentence reduction. *Id.*

Here, Srivastav's only claim involves the extent of the District Court's discretionary sentence reduction. Srivastav "does not allege, nor could he on this record, that the District Court felt it lacked jurisdiction or the discretion to grant a further reduction in sentence." *Id.* Therefore, under *McKnight*, we lack jurisdiction, and this appeal will be dismissed.

## IV.

For the foregoing reasons, Srivastav's appeal will be dismissed for lack of jurisdiction.