

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2002

# USA v. Perez

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1203

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Perez" (2002). *2002 Decisions.* Paper 443.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/443

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 01-1203


UNITED STATES OF AMERICA

v.

LOUIS PEREZ,
a/k/a  ALBERTO SANCHEZ,

LOUIS PEREZ,
                    Appellant


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 91-cr-00301)
District Judge:  Hon. Franklin S. VanAntwerpen



Submitted Under Third Circuit LAR 34.1(a)
July 22, 2002

Before:  SLOVITER, NYGAARD, and BARRY, Circuit Judges

(Filed      July 25, 2002          )



OPINION OF THE COURT SLOVITER, Circuit Judge.

I.

Appellant Louis Perez appeals from the order of the District Court denying his Motion for Reduction of Sentence.  Because we write for the parties who are familiar with the facts, we need not review them in any detail.

Perez pled guilty to one count of conspiracy to distribute heroin (over ten kilograms in one year) in violation of 21 U.S.C.  846.  He was assigned a total offense level of 46 and a criminal history category of  I, yielding a sentence of life imprisonment, five years supervised release, and a $10,000 fine.  We affirmed the judgment on direct appeal.

A number of years later, Perez filed a series of motions in the District Court and in this court seeking to correct or decrease the sentence, each of which was denied.  Finally, in December 2000 Perez filed a motion to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2) and U.S.S.G.  1B1.10.  The District Court denied that motion in January 2001.  Perez appeals from the order.

The District Court had jurisdiction under 18 U.S.C.  3231, and this court has jurisdiction pursuant to 18 U.S.C.  3742(a) as well as 28 U.S.C.  1291.

Perez seeks a retroactive two-level decrease in his sentencing range.  He invokes 18 U.S.C.  3582(c)(2), which states in relevant part:

>        in the case of a defendant who has been sentenced to a term of
>        imprisonment based on a sentencing range that has subsequently
>        been lowered by the Sentencing Commission . . . the court may
>        reduce the term of imprisonment.

Perez relies on Amendment No. 591, effective November 1, 2000, which changed U.S.S.G. 2D1.2 to apply a two-level increase only when the defendant "is convicted of a statutory violation of drug trafficking in a protected location . . . or in a case in which the defendant stipulated to such a statutory violation." U.S.S.G. 2D1.2 app. n.1. Although Perez stipulated that he distributed heroine on numerous occasion within 1,000 feet of a school, both parties agree that Perez was never "convicted of" nor "stipulated to" a "statutory violation" of either 21 U.S.C. 845(a) and its successor 21 U.S.C. 860 (prohibiting drug distribution near a school). Perez argues that therefore the two-level 2D1.2 increase that was imposed on his sentence should be subtracted from his offense level.

The District Court agreed that Perez may well fall within the Guidelines Amendment No. 591 but was disinclined to give Perez any relief as requested. The court stated, "even if defendant's Guideline Level is 44, the mandatory nature of the life sentence is unchanged and resentencing in this case would accomplish nothing at this point in time." App. at 8.

Perez argues that his sentence should be viewed as 43, which is the Guideline level leading to life imprisonment, and that a two-level deduction would reduce it to 41. This argument has no support in the Guidelines. Perez's level when he was sentenced was 46. The District Court stated that the judgment should show the defendant's true offense level. The court stated that Perez's offense level without the two-level increase would be 44, and it would be treated as level 43, which requires a term of life imprisonment. To grant the decrease at this juncture would "accomplish nothing." Id. The court left open the possibility that at some future time other amendments, combined with Amendment No. 591, "would allow [Perez] to reduce his sentence to a guideline level which no longer requires a mandatory life sentence." Id. The court stated, in that event, it would allow Perez to reassert his entitlement to the two- level deduction. We see no legal error in the District Court's conclusion.

                                III.
    For the reasons set forth above, we will affirm the Order of the District Court. _____

TO THE CLERK:

        Please file the foregoing opinion.


                    /s/Dolores K. Sloviter
            _____
                    Circuit Judge