**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ronald Peter LIQUORI, Jr.,**
**Defendant–Appellant.**

**No. 04–50099.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

Laura J. Birkmeyer, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Ronald Peter Liquori, Jr., Federal Correctional Institution, Taft, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Ronald Peter Liquori, Jr., appeals pro se the district court's judgment denying his 18 U.S.C. § 3582(c)(2) motion to reduce his 360-month sentence, imposed after a jury trial conviction for a various drug-related and firearm charges. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

Liquori contends that he is entitled to a reduction in his sentence because the district court should have calculated the drug amount upon which his sentence is based differently pursuant to Amendment 484 to the United States Sentencing Guidelines ("Guidelines"). Because Liquori failed to demonstrate that "the mixture or substance used in sentencing contained materials that must be separated to render the controlled substance useable," the amendment does not apply. *See United States v. Sprague,* 135 F.3d 1301, 1306–07 (9th Cir. 1998).

Next, Liquori contends that Amendment 591 to the Guidelines should reduce his sentence because the type of methamphetamine was not submitted to the jury and proven beyond a reasonable doubt. Amendment 591 only affects the selection of base offense level guidelines based on the statute of conviction. *See* U.S.S.G. Amendment 591 (2000). Because Liquori does not contend that his base offense level was incorrect, Amendment 591 does not apply.

Accordingly, the district court did not abuse its discretion. *See United States v. Townsend,* 98 F.3d 510, 513 (9th Cir.1996)

(per curiam) (affirming denial of § 3582(c)(2) motion for sentence reduction when amendment had no effect on defendant's sentencing range).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

