[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------
No. 08-10030
Non-Argument Calendar
----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 30, 2009
THOMAS K. KAHN
CLERK

D.C. Docket  No. 04-80077-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID WAYNE WILSON,

Defendant-Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
-------------------------------------------------------------------

(January 30, 2009)

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Defendant David Wayne Wilson ("Defendant") appeals the District Court's grant of the government's motion to reduce his sentence for providing substantial assistance to the government pursuant to Fed.R.Crim.P. 35(b).  Defendant's sentence was lowered from 53 months followed by three years of supervised release to time served followed by three years supervised release.  Defendant wanted a greater reduction.  We have no jurisdiction to review the extent of a Rule 35(b) sentence reduction; we dismiss the appeal.

Defendant pleaded guilty to possession of a firearm by a convicted felon and possession of stolen firearms.  After Defendant was sentenced, the government filed a Fed.R.Crim.P. 35(b) motion and informed the court that Defendant had recently testified on behalf of the government in a trial.  Defendant had come forward to provide information in that trial in spite of his testimony's placing his family in danger.  Therefore, the government recommended Defendant's sentence be reduced to time served and two years supervised release.  Defendant's counsel asked that it be reduced not to include any period of supervised release so that Defendant could move out of town.  The District Court reduced Defendant's sentence to time served and three years supervised release.  Defendant appeals this sentence.

Appeals from a district court's decision to deny or grant a Rule 35(b) motion are generally not within the subject matter jurisdiction of this Court. United States v. Manella, 86 F.3d 201, 203 (11th Cir. 1996). This Court reviews subject matter jurisdiction de novo. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 1996).

Appeals from a district court's ruling on a Rule 35(b) motion are governed by 18 U.S.C. § 3742. Manella, 86 F.3d at 203. This section allows a defendant to appeal a final sentence only if it was imposed in violation of the law, was the result of an incorrect application of the Sentencing Guidelines, exceeded the guideline range, or did not have an applicable guideline but was plainly unreasonable. Id. Therefore, a defendant may not appeal the result of a Rule 35(b) motion simply because he would like to reduce his sentence further. See Manella, 86 F.3d at 203.

Defendant's counsel acknowledges Manella but claims that under United States v. Booker, 543 U.S. 220 (2005) and Gall v. United States, 128 S.Ct 586 (2007), this Court must review all sentences for reasonableness. This contention is not correct. Booker concluded that the section of the Sentencing Reform Act that made the Sentencing Guidelines mandatory was unconstitutional. Booker, 543 U.S. at 259-60. Gall clarified that the reasonableness standard in Booker

3

includes the abuse-of-discretion standard and focuses on the consideration of the factors in 18 U.S.C. § 3553 when imposing a sentence outside the guidelines range. Gall, 128 S.Ct at 594. Rule 35(b) motions and 18 U.S.C. § 3742 were not discussed in these opinions. Because Manella has never been overturned by the Supreme Court or an en banc decision from this Court, it is still good law. United States v. King, 509 F.3d 1338, 1343 (11th Cir. 2007). See also United States v. McGee, 508 F.3d 442 (7th Cir. 2007); United States v. Haskins, 479 F.3d 955 (8th Cir. 2007); United States v. McKnight, 448 F.3d 237 (3rd Cir. 2006). This Court does not have jurisdiction over Defendant's appeal.

APPEAL DISMISSED.