RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 10a0243p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
                      *Plaintiff-Appellee,*

          *v.*                                                            No. 08-5595

ANTHONY BOWERS,
                      *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 00-00075-001—Todd J. Campbell, Chief District Judge.

Argued: January 15, 2010

Decided and Filed: August 12, 2010

Before: BOGGS and GILMAN, Circuit Judges; and McCALLA, Chief District
Judge.[*]

_____

## COUNSEL

**ARGUED:** Jack E. Seaman, Nashville, Tennessee, for Appellant. Blanche B. Cook, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee. **ON BRIEF:** Jack E. Seaman, Nashville, Tennessee, for Appellant. Blanche B. Cook, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

_____

## OPINION

_____

BOGGS, Circuit Judge. Although it has been over five years since the Supreme Court's thoroughgoing reform of federal sentencing law in *United States v. Booker*, 543 U.S. 220 (2005), a number of open questions remain regarding that decision's ramifications. In particular, this case requires us to decide *Booker*'s impact – if any –

_____
[*] The Honorable Jon P. McCalla, Chief United States District Judge for the Western District of Tennessee, sitting by designation.

on our jurisdiction to hear the appeal from a district court's decision to reduce (or decline to reduce) a final sentence under 18 U.S.C. § 3582(c)(2) ("§ 3582(c)(2)") and/or Federal Rule of Criminal Procedure 35(b) ("Rule 35(b)").  Because the Supreme Court has recently clarified that *Booker* does not apply to such sentence-reduction proceedings, *see Dillon v. United States*, 130 S. Ct. 2683 (2010), we conclude that we lack jurisdiction to hear a defendant's appeal of the grant or denial of a sentence reduction pursuant to those sections on *Booker* "reasonableness" grounds.  Accordingly, we dismiss this appeal for want of jurisdiction.

# I

In March 2000, a federal grand jury indicted Anthony Bowers on one count of conspiracy to possess, with intent to distribute, five kilograms or more of powder cocaine and fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Based on his criminal history category of VI, Bowers was subject to a sentence of 360 months to life under the (then-mandatory) United States Sentencing Guidelines ("Guidelines").  Bowers pleaded guilty pursuant to an agreement under which he was to receive a sentence of only 120 months.  Before sentencing, however, Bowers breached his plea agreement by leaving the country without permission, thereby subjecting himself once again to a Guidelines-range sentence.  As a result of a motion under § 5K1.1 of the Guidelines, the district court in November 2000 imposed a below-Guidelines-range sentence of 262 months of imprisonment and ten years of supervised release.  Bowers did not appeal or collaterally attack this sentence.

In January 2008, the government filed a motion pursuant to Rule 35(b) relating to Bowers's sentence.[1]  Meanwhile, in November  2007, the United States Sentencing Commission amended the Guidelines to reduce the sentencing disparity between crack-cocaine and powder-cocaine offenses.  *See* U.S.S.G. Supp. App. C, Amdt. 706 (effective Nov. 1, 2007); *see also Kimbrough v. United States*, 552 U.S. 85 (2007) (explaining

---

[1]Whether to reduce a sentence pursuant to a Rule 35(b) motion is within the discretion of the district court.  *See United States v. McDowell*, 117 F.3d 974, 976 (7th Cir. 1997) (stating that a Rule 35(b) reduction is "discretionary"); *see also United States v. Poland*, 562 F.3d 35, 37-40 (1st Cir. 2009) (discussing in detail the history and evolution of Rule 35(b)).

background of this amendment).  In early 2008, the Sentencing Commission declared this amendment to be retroactive.  See U.S.S.G. Supp. App. C, Amdt. 713 (effective Mar. 3, 2008).  Bowers, relying on these amendments, filed a separate motion pursuant to § 3582(c)(2) seeking a sentence reduction.[2]

On May 5 and 6, 2008, the district court conducted a combined hearing on the two motions.  During this hearing, the court heard testimony from one of Bowers's fellow inmates that, several months earlier, Bowers and two other inmates had violently attacked him and searched his anus for  contraband.  Three corrections officers gave corroborating testimony.  Bowers, by contrast, testified that he had nothing to do with the assault and that he had reformed himself in prison, found religion, and "learned his lesson."  Bowers also proffered several friends, family members, and fellow prisoners as character witnesses.

The government, taking the position that Bowers's alleged participation in the assault demonstrated his "dangerousness to the public," suggested at most a "*de minimis*" sentence reduction of one year (i.e., a total sentence of 250 months).  Bowers argued that his sentence should be reduced to time served (at that point, approximately 90 months), or, at most, to the 120 months he was originally to serve under the breached plea agreement.

From the bench, the district court found the government's witnesses credible and Bowers not credible.  The court then opined that, based on the totality of the circumstances, a "reduced sentence wouldn't be sufficient based on the negative [personal] characteristics of Mr. Bowers and the actions he took toward [the victim] . . . ,

---

[2]Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A district court "has the discretion to deny a section 3582(c)(2) motion, even if the retroactive amendment has lowered the guideline range." *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997).

the need to deter criminal conduct in prison, and the need to protect the public from further crimes."  Consequently, the district court refused to award any additional sentence reduction pursuant to either Rule 35(b) or § 3582(c)(2).  Bowers timely appealed.

## II

We begin – and also end – by examining whether we have jurisdiction to consider Bowers's appeal at all.  The government argues that, under this circuit's precedents, we lack jurisdiction to hear Bowers's appeal of the district court's Rule 35(b) determination – a conclusion that Bowers disputes.  And although the government does not challenge our jurisdiction to hear Bowers's appeal of the district court's § 3582(c)(2) determination, "[s]ubject-matter limitations on federal jurisdiction . . . must be policed by the courts on [our] own initiative . . . ."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  After a searching examination of the law, we are convinced that we lack jurisdiction over either branch of Bowers's appeal.

## A.  Which Statute Controls the Jurisdictional Analysis?

### 1. *Potential Sources of Jurisdiction*

Criminal defendants enjoy no constitutional right to appeal their convictions; accordingly, "in order to . . . appeal one must come within the terms of [some] applicable statute . . . ."  *United States v. Abney*, 431 U.S. 651, 656 (1977).  There are two possible statutory sources of appellate jurisdiction here.  The first is 28 U.S.C. § 1291 ("§ 1291"), the general appellate-jurisdiction statute, which authorizes us to hear "appeals from all final decisions of the district courts . . . ."  The second is 18 U.S.C. § 3742 ("§ 3742"), enacted as part of the Sentencing Reform Act of 1984,  Pub. L. No. 98-473, Title II, 98 Stat. 1987.  That provision authorizes us to hear a defendant's appeal of an "otherwise final sentence" in only four specified situations – namely, where the defendant argues that the sentence:

(1) was imposed in violation of law; [or]

> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
>
> (3) is greater than the sentence specified in the applicable guideline range . . . ; or
>
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a).**3**

Because Congress enacted the Sentencing Reform Act with the intent to establish "a limited practice of appellate review of sentences in the Federal criminal justice system," S. Rep. No. 225, 98th Cong., 2d Sess. 149 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3332, the federal courts are in agreement that § 3742 is now "the exclusive avenue through which a party can appeal a sentence" imposed as the result of a run-of-the-mill plenary sentencing proceeding following a conviction, *United States v. McAndrews*, 12 F.3d 273, 277 (1st Cir. 1993). In other words, "a criminal defendant may not invoke [the broad grant of appellate jurisdiction found in] § 1291 to circumvent the conditions imposed by 18 U.S.C. § 3742 for appealing . . . sentences." *United States v. Hartwell*, 448 F.3d 707, 712 (4th Cir. 2006).

Here, however, Bowers does not appeal the result of an initial, plenary sentencing proceeding. Rather, he appeals the district court's refusal to reduce a previously imposed sentence. Which jurisdictional provision controls, then, depends on whether Bowers's appeal is properly viewed as an appeal of the district court's *determination of the sentence-reduction motions* or as an appeal of the *sentence that resulted from those motions*. Because our jurisdiction to hear appeals of "sentences" under § 3742 is tightly circumscribed, the answer to this question is of great consequence.

---

**3**Subsection (b) of § 3742, meanwhile, specifies when we may hear *the government's* appeal of a sentence. This case does not present the question of when the government may appeal a district court's determination of a sentence reduction motion.

## 2. *Rule 35(b) Appeals*

Although both interpretations of the nature of Bowers's appeal are possible in theory, the question is settled in this circuit with respect to the Rule 35(b) issue. In *United States v. Moran*, 325 F.3d 790 (6th Cir. 2003), we reasoned that a district court's decision on a Rule 35(b) motion "effectively impose[s] a new sentence":

> [Defendant's] original sentence was 233 months. After the district court's order granting a departure, his sentence was 221 months. By any definition, the court's order imposed a new sentence, and [defendant's] appeal of that order is an appeal from an "otherwise final sentence" . . . .

*Id.* at 793 (quoting *United States v. McDowell*, 117 F.3d 974, 977-78 (7th Cir. 1997)). Accordingly, we held that appeals of "[a] district court's ruling on a Rule 35(b) motion . . . [are] properly governed by 18 U.S.C. § 3742." *Ibid.*[4]

While we found this "common sense meaning" argument sufficient to decide the question, we went on to note two additional arguments supporting our holding. First, we observed that Rule 35(b) motions are the post-sentencing analogues of government

---

[4]One might question whether this reasoning applies to a district court's decision to *deny* a Rule 35(b) motion outright, which arguably does not "effectively impose[] a *new* sentence." 325 F.3d at 793 (emphasis added). However, the *Moran* panel held broadly that "[a] district court's *ruling* on a Rule 35(b) motion" must be appealed under § 3742 and did not limit its holding to district courts' *grants* of such motions. *Ibid.* (emphasis added). Presumably, the *Moran* panel reasoned that the outright denial of a Rule 35(b) motion effectively reimposes the defendant's original sentence; nothing in § 3742, after all, requires that a sentence be "new" to fall within that section's ambit. Furthermore, the *Moran* panel also set forth two alternative rationales for its decision that Rule 35(b) appeals are governed by § 3742, which we address immediately below; neither of these alternative rationales supports a distinction between defendants' appeals of Rule 35(b) grants and Rule 35(b) denials.

Our subsequent Rule 35(b) cases, too, have used broad language suggesting that both grants and denials are subject to the same jurisdictional analysis. *See United States v. Parker*, 543 F.3d 790, 792 (6th Cir. 2008) ("[A] district court's *ruling* on a Rule 35(b) motion falls within the plain meaning of an 'otherwise final sentence.'" (emphasis added)); *United States v. Grant*, 567 F.3d 776, 780 n.1 (6th Cir.), *vacated upon grant of reh'g en banc* (6th Cir. 2009) ("Under our traditional interpretation of § 3742(a), we lack jurisdiction to consider an appeal that goes only to *a refusal* to depart downward [under Rule 35(b)] . . . ." (emphasis added)).

Lastly, we note that our sister circuits have stated quite explicitly that Rule 35(b) denials are to be treated the same way as grants for appellate purposes. *See, e.g.*, *United States v. Manella*, 86 F.3d 201, 203 (11th Cir. 1996) ("A district court's decision to grant *or deny* a Rule 35(b) motion is . . . one from which an appeal generally will not lie under § 3742." (emphasis added) (quoted in and followed by *Moran*)); *United States v. Pridgen*, 64 F.3d 147, 149 (4th Cir. 1995) ("[T]he decision of a district court to *deny* the Government's Rule 35(b) motion, *and therefore to leave the previously imposed sentence undisturbed*, is an appeal from an otherwise final sentence [governed by § 3742]." (emphases added)); *United States v. Chavarria-Herrara*, 15 F.3d 1033, 1035-36 (11th Cir. 1994) ("In ruling upon a Rule 35(b) motion, the district court will either reduce the sentence that was previously imposed *or leave it undisturbed.* Once that ruling is made, the remaining sanction upon the defendant falls within the common sense meaning of 'an otherwise final sentence.'" (emphasis added) (cited with approval in *Moran*)).

motions for downward departures pursuant to U.S.S.G. § 5K1.1 upon initial sentencing. *Ibid.* The latter, we noted, are clearly governed by § 3742, because such departures are part and parcel of a defendant's plenary sentence proceeding; we then reasoned that, "[g]iven the similarity between § 5K1.1 and Rule 35(b), it would be anomalous to treat appeals of judgments resolving the two motions differently." *Ibid.* We also noted that legislative history suggested that Congress intended Rule 35(b) determinations to be appealed under § 3742. *See ibid.* (quoting S. Rep. No. 225, 98th Cong., 2d Sess. 158 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3341 (stating that Rule 35 was amended "in order to accord with the provisions of proposed section 3742 of Title 18 concerning appellate review of sentence")).

With one exception, every other circuit to address the question is in accord with our holding in *Moran*. *See United States v. McKnight*, 448 F.3d 237, 238 (3d Cir. 2006); *United States v. Coppedge*, 135 F.3d 598, 599 (8th Cir. 1998); *McDowell*, 117 F.3d at 977-78; *United States v. McMillan*, 106 F.3d 322, 324 n.4 (10th Cir. 1997); *United States v. Doe*, 93 F.3d 67, 67-68 (2d Cir. 1996); *United States v. Arishi*, 54 F.3d 596, 597-99 (9th Cir. 1995); *United States v. Pridgen*, 64 F.3d 147, 148-50 (4th Cir. 1995); *United States v. Chavarria-Herrara*, 15 F.3d 1033, 1034-36 (11th Cir. 1994); *but cf. McAndrews*, 12 F.3d at 277 (holding that appealability of Rule 35(b) determinations is governed by § 1291).

### 3.  *Section 3582(c)(2) Appeals*

In contrast with this wealth of cases analyzing appellate jurisdiction over Rule 35(b) determinations, surprisingly little has been said by the federal courts regarding the source of appellate jurisdiction over § 3582(c)(2) determinations. Some out-of-circuit decisions have stated without discussion that such determinations are appealable under § 1291. *See, e.g.*, *United States v. McGee*, 553 F.3d 225, 226 (2d Cir. 2009); *United States v. Mateo*, 560 F.3d 152, 154 n.1 (3d Cir. 2009); *United States v. Colson*, 573 F.3d 915, 916 (9th Cir. 2009); *United States v. Dews*, 551 F.3d 204, 208 (4th Cir. 2008); *United States v. Rhodes*, 549 F.3d 833, 834 (10th Cir. 2008); *United States v. White*, 163 F. App'x 834, 835 n.1 (11th Cir. 2006). Other decisions – some from the very same

circuits – have stated with little analysis that such appeals arise under § 3742. *See, e.g.*, *United States v. Legree*, 205 F.3d 724, 727 (4th Cir. 2000); *United States v. Lowe*, 136 F.3d 1231, 1232 (9th Cir. 1998); *United States v. Walsh*, 26 F.3d 75, 77 (8th Cir. 1994). Still other decisions – again, from the same circuits – have identified *both* § 1291 and § 3742 as authorizing jurisdiction over such appeals, also with little or no discussion. *See, e.g.*, *United States v. Williamson*, 315 F. App'x 690, 691 (10th Cir. 2009); *United States v. Liquori*, 115 F. App'x 348, 349 (9th Cir. 2004); *United States v. Perez*, 40 F. App'x 711, 711 (3d Cir. 2002).

In our own circuit, although we hear such appeals on a regular basis, it has generally not been our practice to specify the statutory provision under which we take jurisdiction; ordinarily, we simply state that district-court determinations in § 3582(c)(2) proceedings are "reviewed for abuse of discretion" and proceed to the merits of the appeal. *See, e.g.*, *United States v. Bridgewater*, 606 F.3d 258, 260 (6th Cir. 2010); *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010); *United States v. Archer*, 362 F. App'x 491, 494 (6th Cir. 2010).

Examples to the contrary are few and far between. In a single published opinion, we stated in passing: "This is an appeal from the judgment of the District Court after denial of a motion filed pursuant to 18 U.S.C. § 3582(c)(2). Jurisdiction *is invoked* under 28 U.S.C. § 1291." *United States v. Carter*, 500 F.3d 486, 488 (6th Cir. 2007) (emphasis added). Although we went on to affirm the district court on the merits, we never affirmatively stated that we *did in fact* have jurisdiction under § 1291, and the proposition does not seem to have been disputed in that case. Years earlier, in an unpublished decision, we did actually state – though without any discussion or analysis – that we "*have jurisdiction* over [the defendants'] appeals from the final orders of the district court" with respect to their § 3582(c)(2) motions, citing § 1291. *United States v. Cerna*, Nos. 94-1433 & 94-1437, 1994 WL 542757, at *1 (6th Cir. Oct. 4, 1994) (emphasis added). Again, the court's jurisdiction seems not to have been in dispute.

On the other hand, in one unpublished decision involving a § 3582(c)(2) appeal, we stated that "it is well-settled that a defendant may appeal *a sentence* imposed as a

result of an incorrect application of the guidelines" and cited § 3742, implying that we were taking jurisdiction under that provision. *United States v. Williams*, No. 96-4387, 1999 WL 397945, at \*4 (6th Cir. June 3, 1999) (internal quotation marks omitted) (emphasis added). Similarly, in another unpublished decision involving a § 3582(c)(2) appeal, we cited § 3742 and stated that "this court has jurisdiction to consider whether [defendant's] modified *sentence* was derived from an incorrect application of the sentencing guidelines." *United States v. Coffee*, No. 96-5831, 1997 WL 468335, at \*2 (6th Cir. Aug. 13, 1997) (emphasis added).

None of our prior cases dictates the result here. *Cerna*, *Williams*, and *Coffee* are unpublished and therefore not binding. And *Carter*, although published, merely noted that the appellant had "invoked" § 1291 and proceeded immediately to the merits. In none of these cases does it appear that the jurisdictional issue was in question. As the Supreme Court has stated, "when questions of jurisdiction have been passed on in prior decisions sub silentio, [we are not] bound when a subsequent case finally brings the jurisdictional issue before us." *Hagans v. Lavine*, 415 U.S. 528, 533 n.5 (1974); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998) ("[D]rive-by jurisdictional rulings . . . have no precedential effect."); *United States v. Lucido*, --- F.3d ----, 2010 WL 2925100, at \*5 (6th Cir. July 28, 2010) (holding that a panel of this court is not bound by a prior panel's "unexamined" statement that jurisdiction exists, where the jurisdictional issue "merely lurk[ed] in the record" in the prior case and was not "brought to the attention of the court" (quoting *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006)).

Taking a fresh look at the question, we believe that our jurisdiction to consider the appeal of a § 3582(c)(2) determination, like our jurisdiction to consider the appeal of a Rule 35(b) determination, must come from § 3742. Section 3582(c)(2) determinations are not distinguishable from Rule 35(b) determinations in any relevant respect. Both provisions allow the discretionary reduction (but not the augmentation) of an already imposed sentence based on the satisfaction of some condition precedent. *See Dillon*, 130 S. Ct. at 2692 ("Like § 3582(c)(2), Rule 35 delineates a limited set of

circumstances in which a sentence may be corrected or reduced."). Defendants appealing § 3582(c)(2) determinations are "appealing [their] sentence[s]" every bit as much as defendants appealing the outcome of proceedings under Rule 35(b). *Moran*, 325 F.3d at 793. We see no countervailing considerations that would justify treating these two discretionary sentence-reduction provisions differently for jurisdictional purposes. Accordingly, we hold that both branches of Bowers's appeal must be subjected to the same jurisdictional analysis under § 3742.

### 4. *Does* **Dillon** *Affect This Analysis*?

Before we move on, we briefly address the Supreme Court's recent statement in *Dillon v. United States* that, "[f]ollowing [the] two-step approach [required by § 3582(c)(2)], a district court proceeding under § 3582(c)(2) does not impose a new sentence in the usual sense." 130 S. Ct. at 2691. Viewed in isolation, this quotation might be seen as undermining our holding that a defendant appealing the result of a sentence-reduction proceeding is appealing his "sentence" within the meaning of § 3742.

In our opinion, however, the key parts of this quotation are its beginning – "*[f]ollowing this two-step approach*" – and its end – "*in the usual sense*." As we will discuss further below, the central theme of *Dillon* is that a § 3582(c)(2) proceeding is *procedurally* unlike a plenary resentencing. *See ibid.* (noting the "narrow scope" of § 3582(c)(2) proceedings); *id.* at 2692 (referring to a § 3582(c)(2) proceeding as a "circumscribed inquiry"). The Court observed that in such a proceeding, unlike in a plenary sentencing proceeding, a district court may not weigh the general sentencing considerations set forth in 18 U.S.C. § 3553(a) unless it first ascertains that a reduction would be "consistent with [the specific requirements of U.S.S.G.] § 1B1.10." 130 S. Ct. at 2691-92.

We read the *Dillon* Court's comment that a district court "[f]ollowing this two-step approach . . . does not impose a new sentence in the usual sense" merely as highlighting this procedural dissimilarity, rather than as suggesting that *the end result*

of a sentence-reduction proceeding is not a "sentence" within the meaning of § 3742.[5]
Indeed, because *Dillon* emphasized that sentence-reduction proceedings are narrow
"exception[s] to the general rule of [a sentence's] finality," 130 S. Ct. at 2690, it is
difficult to believe that the Court intended, with a single passing comment, to drastically
expand the circumstances in which such proceedings are appealable, thereby rendering
them substantially less "final[]" (and undoing the case law of at least nine circuits). We
therefore conclude that *Dillon* does not impact this portion of our analysis.

## B. Is Bowers's Appeal Within the Scope of § 3742?

Having determined that jurisdiction to hear Bowers's appeal must arise under
§ 3742 if it exists at all, we now consider whether the arguments that he asserts fall
within the scope of that section. In his appeal, Bowers raises two principal objections
to the district court's decision. First, he argues that the district court erred in its factual
finding that he was involved in the alleged assault. Second, he argues that, for various
policy-oriented reasons, the denial of a sentence reduction was "unreasonable" and the
re-imposed sentence "is substantially longer than a sentence that would be sufficient, but
not greater than necessary, to comply with" the 18 U.S.C. § 3553(a) factors.[6]

As we have already noted, § 3742(a) authorizes us to review the outcome of a
sentence-reduction proceeding only where the resulting sentence "(1) was imposed in
violation of law; (2) was imposed as a result of an incorrect application of the sentencing
guidelines; (3) is greater than the sentence specified in the applicable guideline range;
or (4) was imposed for an offense for which there is no guideline and is plainly

---

[5]In fact, elsewhere in its opinion, the *Dillon* Court used language suggesting that the end result
of a § 3582(c)(2) proceeding is the imposition of a sentence, notwithstanding the specific path a district
court must take to get there. In its recitation of the facts, the Court described the district judge's
determination of the petitioner's § 3582(c)(2) motion as "*impos[ing] a sentence* . . . ." 130 S. Ct. at 2690
(emphasis added). In its analysis, the Court stated that "[o]nly if the sentencing court originally *imposed
a term of imprisonment* below the Guidelines range does § 1B1.10 authorize a court proceeding under
§ 3582(c)(2) *to impose a term* 'comparably' below the amended range." *Id.* at 2691-92 (emphasis added).
The Court then held that judicial fact-finding at a § 3582(c)(2) proceeding does not implicate the Sixth
Amendment because judges "have long exercised discretion of this nature in *imposing sentence* within
[established] limits . . . ." *Id.* at 2692 (emphasis added) (original emphasis omitted).

[6]For example, Bowers argues that the district court failed to consider the disparity between
Bowers's sentence and those of his co-conspirators and the unjustifiable harshness with which the
Guidelines continue to treat crack-cocaine offenses, even after the 2007 amendment.

unreasonable." *Moran*, 325 F.3d at 792. Bowers does not allege that a particular Guideline was applied incorrectly, that he received an above-Guidelines sentence, or that he was sentenced for an offense for which there is no applicable Guideline.[7] Accordingly, jurisdiction over this appeal, if it exists at all, must arise under § 3742(a)(1), which allows us to hear arguments that a sentence was imposed "in violation of law."

### 1. *Pre-*Booker *Case Law*

It is beyond dispute that, pre-*Booker*, the objections that Bowers raises would not have qualified as cognizable "violation[s] of law." In the pre-*Booker* era, an allegation that the district court had denied a *discretionary* sentence adjustment "based on clearly erroneous findings of fact" did not assert a "violation of law" within the meaning of § 3742(a). *United States v. Clark*, 385 F.3d 609, 623 (6th Cir. 2004); *see also United States v. Minutoli*, 374 F.3d 236, 240 (3d Cir. 2004); *United States v. Dewire*, 271 F.3d 333, 337-39 (1st Cir. 2001); *United States v. Watkins*, 179 F.3d 489, 501 (6th Cir. 1999); *but cf. United States v. Sammoury*, 74 F.3d 1341, 1345 (D.C. Cir. 1996).[8] Further, it was also well-settled that mere "disagree[ment] with the extent of the sentence reduction" on fairness grounds was not a proper assertion of a "violation of law." *Moran*, 325 F.3d at 792, 794 (holding that sentencing disparity among co-conspirators did not qualify as a "violation of law"); *see also United States v. McGee*, 508 F.3d 442, 444 (7th Cir. 2007) ("§ 3742(a) does not authorize an appeal from a Rule 35(b) decision if the only

---

[7]In fact, Bowers's sentence is already *below* the applicable Guidelines range.

[8]We note that, technically speaking, these cases involved denials of downward departures *upon initial sentencing*, rather than denials of sentence reductions at a later date. However, both types of sentence adjustments are discretionary, and we find the timing difference irrelevant to the proper allegation of a "violation of law." *See Moran*, 325 F.3d at 793 (stating that, because "[t]he only practical difference between [post-sentence reductions under] Rule 35(b) and [downward departures under] U.S.S.G. 5K1.1 is a matter of timing," there is "no reason why Rule 35(b) motions should be governed by a different standard." (quoting *Doe*, 93 F.3d at 68); *see also United States v. Poland*, 562 F.3d 35, 40 (1st Cir. 2009) ("Traditionally, the reductions for substantial assistance . . . – whether at initial sentencing or on sentence reduction – have been governed by the same standards, as Congress doubtless intended." (internal citation omitted)).

contention is that the district court did not exercise its discretion more favorably to the defendant.").**9**

## 2. Booker, Gall, *and the Advent of Unreasonableness Review*

When the Supreme Court decided *Booker* in 2005, it effected a far-reaching change in federal sentencing law. In Justice Stevens's lead opinion, the Court held that mandatory application of the Guidelines violated the Sixth Amendment by subjecting defendants to increased sentences based on facts not found by a jury. 543 U.S. at 245. In Justice Breyer's "remedial" opinion, the Court addressed this flaw by "sever[ing] and excis[ing] two specific . . . provisions" of the Sentencing Reform Act: the provision making the Guidelines mandatory (18 U.S.C. § 3553(b)(1)) and the provision that "sets forth standards of review on appeal" (18 U.S.C. § 3742(e)). *Id.* at 259.**10** In lieu of the standard of review previously set forth in the statute, the Court substituted a new, judicially created standard: review for "unreasonableness." *Id.* at 261 (alteration omitted). With the statute thus modified, the *Booker* Court stated, "the remainder of the [Sentencing Reform] Act satisfies the [Sixth Amendment]." *Id.* at 259.

---

**9**By contrast, we held in *Moran* that a defendant properly alleges that his sentence was imposed "in violation of law" where he argues that the district court erroneously believed "that it lacked discretion, as a matter of law, to depart downward." 325 F.3d at 794 (citing *United States v. Dellinger*, 986 F.2d 1042, 1044 (6th Cir. 1993)). Notably, we did not state that this was the *only* scenario in which a Rule 35(b) disposition would be "in violation of law." For example, several of our sister circuits held pre-*Booker* that a defendant properly alleges a "violation of law" where he asserts that the district court "[c]onsider[ed] . . . wholly improper factors" in its analysis. *McDowell*, 117 F.3d at 978 n.4; *see also United States v. Doe*, 351 F.3d 929, 932 (9th Cir. 2003); *United States v. Manella*, 86 F.3d 201, 203 (11th Cir. 1996); *accord United States v. Grant*, 567 F.3d 776, 780 n.1 (6th Cir.), *vacated upon grant of reh'g en banc* (6th Cir. 2009) (exercising jurisdiction over Rule 35(b) appeal where defendant "argue[d] that the District Court misapprehended the factors that it was permitted to consider").

**10**The Sentencing Reform Act's standard-of-review provision, § 3742(e), was *in pari materia* with § 3742(a), the jurisdictional provision we have already discussed. It stated:

>Consideration.– Upon review of the record, the court of appeals shall determine whether the sentence–
>
>>(1) was imposed in violation of law;
>>
>>(2) was imposed as a result of an incorrect application of the sentencing guidelines;
>>
>>(3) is outside the applicable guideline range, and [the departure was improper for specified reasons]; or
>>
>>(4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.

Subsequently, in *United States v. Gall*, 552 U.S. 38 (2007), the Court elaborated on this new standard of review, stating that courts of appeals are to review sentences for both "procedural" and "substantive" unreasonableness. *Id.* at 51. Procedural unreasonableness includes, inter alia, "selecting a sentence based on clearly erroneous facts . . . ." *Ibid.* Substantive unreasonableness exists where, "tak[ing] into account the totality of the circumstances, . . . the § 3553(a) factors, on a whole, [do not] justify" the sentence imposed. *Ibid.* These factors include "the need for the sentence imposed . . . to reflect the seriousness of the offense" and "the need to avoid unwarranted sentencing disparities among defendants . . . who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(2), (a)(6).

Of course, these are the very complaints that Bowers raises with the sentence-reduction proceedings below. Accordingly, our jurisdiction over Bowers's appeal turns on whether, after *Booker* and *Gall*, allegations of procedural or substantive unreasonableness in the context of a Rule 35(b) or § 3582(c)(2) proceeding create jurisdiction under § 3742.

### 3. *Impact of* Booker *and* Gall *on the Appeal of Sentence Reduction Proceedings*

At first blush, one might be inclined to conclude that the answer to this question is yes. Although the *Booker* and *Gall* Courts did not address the statutory source of the appellate courts' newly acquired jurisdiction to review sentences for unreasonableness, practically every circuit quickly concluded that § 3742(a)(1)'s "imposed in violation of law" provision embraced claims of unreasonableness, at least in appeals of initial, plenary sentencing proceedings. *Booker*, after all, was now "law." As we explained:

> Under *Booker*, an appellate court must review all sentences for "reasonableness" . . . . [W]e fail to see how Trejo's challenge – namely, that the sentence imposed was "unreasonable"– does not implicate § 3742(a)(1). The standard set forth in the law of sentencing review, as established by the Supreme Court, is one of reasonableness, and any sentence that is deemed unreasonable must necessarily be one imposed "in violation of law."

*United States v. Trejo-Martinez*, 481 F.3d 409, 411-12 (6th Cir. 2007) (internal citation omitted); *accord United States v. Fernandez*, 443 F.3d 19, 25-26 (2d Cir. 2006); *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007); *United States v. Montes-Pineda*, 445 F.3d 375, 377 (4th Cir. 2006); *United States v. Plouffe*, 445 F.3d 1126, 1128 (9th Cir. 2006); *United States v. Chavez-Diaz*, 444 F.3d 1223, 1228-29 (10th Cir. 2006); *United States v. Martinez*, 434 F.3d 1318, 1320 (11th Cir. 2006); *United States v. Dorcely*, 454 F.3d 366, 373-74 (D.C. Cir. 2006); *United States v. Frokjer*, 415 F.3d 865, 875 n.3 (8th Cir. 2005).

However, we subsequently reached the opposite result in the context of an appeal from a Rule 35(b) proceeding. *See United States v. Parker*, 543 F.3d 790 (6th Cir. 2008). In *Parker*, we noted that the *Booker* Court had "excis[ed]" only two specific provisions from the Sentencing Reform Act – the provision making the Guidelines mandatory and the standard-of-review provision. *Id.* at 792. Because the *Booker* Court had left § 3742(a), the Act's jurisdictional standard, untouched, we concluded that "appellate courts have the same jurisdiction to review sentences post-*Booker* as they had before *Booker* was decided," and dismissed for lack of jurisdiction the defendant's reasonableness-based appeal of his Rule 35(b) sentence reduction. *Ibid.* The *Parker* panel did not attempt to reconcile the tension between its reasoning and the reasoning of *Trejo-Martinez* (and similar cases from other circuits), which had held that an unreasonable sentence – at least of the initial, plenary variety – *could indeed* be challenged as "imposed in violation of law" under § 3742(a)(1) because violations of *Booker* were "violation[s] of law."

Our sister circuits reached conclusions similar to ours in *Parker*, holding that allegations of unreasonableness do not confer appellate jurisdiction over Rule 35(b) determinations. As with *Parker*, however, the reasons given for these cases' holdings have not been entirely convincing. *See, e.g.*, *United States v. Wilson*, 309 F. App'x 353, 354 (11th Cir. 2009) (holding that because "Rule 35(b) motions . . . were not discussed" in *Booker* and *Gall*, unreasonableness review does not extend to Rule 35(b) appeals);

*McGee*, 508 F.3d at 444-45 (relying on same reasoning as *Parker*); *United States v. Haskins*, 479 F.3d 955, 957 (8th Cir. 2007) (holding that reasonableness review applies only to *sentences*, not decisions on sentence-reduction *motions*, but failing to address the widespread agreement that such motions *result* in imposition of new sentences).[11]

In our opinion, the Supreme Court's recent decision in *Dillon v. United States*, to which we have already adverted, makes clear that, regardless of their reasoning, these cases reached the correct outcome. In *Dillon*, the defendant had been convicted of a crack-cocaine offense. Following an unsuccessful appeal of his initial sentence, he had moved for a sentence reduction pursuant to § 3582(c)(2) based on the same retroactive Guidelines amendment that authorized Bowers's § 3582(c)(2) motion in this case. 130 S. Ct. at 2689. In his motion, "Dillon asked the [district] court to grant not just the two-level reduction authorized by the [Guidelines] amendment but also a further reduction" to reflect his exemplary post-sentencing conduct. *Ibid.* The district court reduced his sentence to the low end of the amended Guidelines range but held that it lacked authority to go any lower, citing U.S.S.G. § 1B1.10(b)(2)(A), which generally precludes a court from reducing a sentence in a § 3582(c)(2) proceeding "to a term that is less than the minimum of the amended guideline range . . . ." *Ibid.* The Third Circuit affirmed.

Before the Supreme Court, Dillon argued that *Booker*'s excision of the portion of the Sentencing Reform Act making the Guidelines mandatory authorized the district court to ignore U.S.S.G. § 1B1.10 and impose a sentence lower than the amended Guidelines minimum. *Id.* at 2690. The Court disagreed. In relevant part, it reasoned:

---

[11]It appears that the sole authority to the contrary is a footnote of this circuit's since-vacated panel opinion in *United States v. Grant*, which stated:

> [W]e [do not] lack jurisdiction to review sentences imposed pursuant to a Rule 35(b) motion. To be lawful, a sentence must be reasonable. Thus, if an appellant contends that his sentence imposed after a Rule 35(b) motion is unreasonable, we would have jurisdiction to review it under § 3742(a)(1), since it would be an argument that the sentence was imposed in violation of law.

567 F.3d 776, 780 n.1 (6th Cir.), *vacated upon grant of reh'g en banc* (6th Cir. 2009) (citation omitted). Obviously, we are not bound by a dictum in the footnote of a vacated panel decision. In any event, as discussed below, intervening Supreme Court precedent makes clear that reasonableness review does not apply in this context.

Given the limited scope and purpose of § 3582(c)(2), we conclude that proceedings under that section do not implicate the interests identified in *Booker*. Notably, the sentence-modification proceedings authorized by § 3582(c)(2) are not constitutionally compelled. We are aware of no constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent Guidelines amendments. Rather, § 3582(c)(2) represents a congressional act of lenity . . . .

Viewed that way, proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt. Taking the original sentence as given, any facts found by a judge at a § 3582(c)(2) proceeding do not serve to increase the prescribed range of punishment; instead, they affect only the judge's exercise of discretion within that range. "[J]udges in this country have long exercised discretion of this nature in imposing sentence *within [established] limits* in the individual case," and the exercise of such discretion does not contravene the Sixth Amendment even if it is informed by judge-found facts. *Apprendi v. New Jersey*, 530 U.S. 466, 481, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (emphasis in original). Because § 3582(c)(2) proceedings give judges no more than this circumscribed discretion, "[t]here is no encroachment here by the judge upon facts historically found by the jury, nor any threat to the jury's domain as a bulwark at trial between the State and the accused." *Oregon v. Ice*, 555 U.S. ----, ----, 129 S. Ct. 711, 713, 172 L. Ed. 2d 517 (2009).

*Id.* at 2692 (alterations in original). Having held that sentence-reduction proceedings under § 3582(c)(2) do not implicate the Sixth Amendment concerns addressed in *Booker*, the Court concluded that "the remedial aspect of the [*Booker*] Court's decision [does not] appl[y] to proceedings under that section . . . ." *Id.* at 2693. Accordingly, the Court held that the district court had not erred in considering itself bound by the floor set by U.S.S.G. § 1B1.10.**[12]**

*Dillon*'s holding that the *Booker* remedial opinion has no force in § 3582(c)(2) proceedings directly compels the conclusion that *Booker*'s *other* specific "remedial amendment[] to the Sentencing Reform Act" – its promulgation of unreasonableness review in lieu of the Act's more circumscribed standard – does not "appl[y] to

---

**[12]**This court reached a similar conclusion last year in *United States v. Washington*, 584 F.3d 693 (6th Cir. 2009).

proceedings under that section" either.  Accordingly, a defendant's allegation of *Booker* unreasonableness in a § 3582(c)(2) proceeding does not state a cognizable "violation of law" that § 3742(a)(1) would authorize us to address on appeal.

From here, it takes only a small inferential step to conclude that the same must be true of Rule 35(b) proceedings.  The *Dillon* Court itself noted the similarities between proceedings under § 3582(c)(2) and Rule 35(b).  Both are provisions of "limited scope and purpose."  130 S. Ct. at 2692.  Neither is "constitutionally compelled," and both represent "congressional act[s] of lenity."  *Ibid.*  And perhaps most importantly, as with § 3582(c)(2) proceedings, "any facts found by a judge at a [Rule 35(b)] proceeding do not serve to *increase* the prescribed range of punishment . . . ."  *Ibid.* (emphasis added); *see also United States v. Poland*, 562 F.3d 35, 39 (1st Cir. 2009) (noting in dictum that "[n]either the language of *Booker* nor its [Sixth Amendment] rationale appears to [apply]" to Rule 35(b) proceedings, pursuant to which a sentence may only be *decreased*).  Accordingly, we reaffirm our holding in *United States v. Parker* that *Booker* unreasonableness review does not extend to Rule 35(b) appeals.[13]  It follows that a defendant's allegation of *Booker* unreasonableness in a Rule 35(b) proceeding – just as in a § 3582(c)(2) proceeding – is not a cognizable "violation of law" appealable under § 3742(a).[14]

---

[13]Our conclusion with respect to Rule 35(b) appeals is bolstered by this circuit's line of cases holding that *Booker* did not alter the long-standing rule that "the decision by a district court not to depart downwards from the Guidelines is not reviewable on appeal unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure."  *United States v. Puckett*, 422 F.3d 340, 344 (6th Cir. 2005); *see also United States v. McBride*, 434 F.3d 470, 475-76 (6th Cir. 2006).  As we noted above, a district court's award of a sentence reduction under Rule 35(b) for *post*-sentencing substantial assistance is much like the district court's award of a downward departure under U.S.S.G. § 5K1.1 for *pre*-sentencing substantial assistance.  *See Moran*, 325 F.3d at 793 ("The only practical difference between Rule 35(b) and U.S.S.G. 5K1.1 is a matter of timing.").  It would be anomalous if one were generally insulated from review on appeal after *Booker* but the other were not.

[14]Of course, notwithstanding our decision today, defendants may continue to appeal district-court determinations in sentence-reduction proceedings to the extent they allege "violation[s] of law" not premised on *Booker* and its progeny.  *See Parker*, 542 F.3d at 792 (stating that "appellate courts have the same jurisdiction to review [sentence-reduction determinations] post-*Booker* as they had before *Booker* was decided"); *see also supra* note 9 (discussing "violation[s] of law" recognized pre-*Booker* as valid grounds for appeal).

**III**

Because Bowers has not asserted a "violation of law" with respect to his sentence that we are empowered to address, this appeal is **DISMISSED** for want of jurisdiction.