NOT RECOMMENDED FOR PUBLICATION
File Name: 11a0328n.06

No. 10-5295

**FILED**

**May 18, 2011**

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,                    )
                                             )
          Plaintiff-Appellee,                )        ON APPEAL FROM THE UNITED
                                             )        STATES DISTRICT COURT FOR THE
v.                                           )        EASTERN DISTRICT OF TENNESSEE
                                             )
JOHN W. HALLORAN                             )        OPINION
                                             )
          Defendant-Appellant.               )
                                             )
  _____        )

**Before: ROGERS and KETHLEDGE, Circuit Judges; and RUSSELL, Chief District Judge.**\*

**THOMAS B. RUSSELL, Chief District Judge.**   Defendant John Halloran appeals the

sentence he received after pleading guilty to being a felon in possession of a firearm in violation of

18 U.S.C. § 922(g)(1), attempting to possess with intent to distribute marijuana in violation of 21

U.S.C. §§ 841(a)(1) and (b)(1)(D), and possessing a firearm in furtherance of a drug trafficking

crime in violation of 18 U.S.C. § 924(c).  Because Halloran's sentence was substantively reasonable,

we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

On February 1, 2009, a confidential informant working with the Chattanooga Police

Department spoke to Defendant-Appellant John Halloran over the phone to arrange a marijuana deal.

_____

\* The Honorable Thomas B. Russell, United States Chief District Judge for the Western
District of Kentucky, sitting by designation.

The following day Halloran agreed to meet the confidential informant at his apartment. Upon his arrival at the confidential informant's apartment, Halloran met Detective Kimbrough, an undercover officer acting as a drug dealer attempting to sell marijuana. The Chattanooga Police Department recorded the entire encounter.

Halloran said to Detective Kimbrough, "Who got it, you got it?" "You setting me up?" and "Let me see it." In addition, Halloran took a gun from his jacket pocket and placed it in his pants pocket. The gun later fell out of Halloran's pocket and lodged between the couch cushions where he was sitting. As soon as Halloran took possession of the marijuana (1,261.9 grams), police officers entered the apartment and arrested him. Following Halloran's arrest, police officers searched his person and found $1,294 in cash in Halloran's back pocket. The firearm was recovered from the couch cushions. In addition, Halloran consented to a police search of his home, where the Chattanooga Police Department discovered more marijuana.

On July 14, 2009, a federal grand jury issued a three-count Indictment charging Halloran with (I) possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922 (g)(1); (II) attempt to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); and (III) possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). Halloran's prior conviction for manufacturing methamphetamine occurred in 2004 when he was 24. He did not serve jail time for that conviction.

Halloran entered a plea of guilty as to all three counts of the Indictment on November 4, 2009, and was sentenced on February 25, 2010. The United States Probation Office prepared a Presentence Investigation Report using the 2009 version of the Sentencing Guidelines. For Counts

One and Two, Halloran's base offense level was 20 because of his prior felony drug conviction. He was granted a three-level reduction for acceptance of responsibility so that his total offense level was 17. A total of 5 criminal history points established a criminal history category of III. Based on his total offense level of 17 and criminal history category of III, the Guidelines range for imprisonment was 30 to 37 months. Halloran was also subject to a mandatory consecutive 60-month sentence under 18 U.S.C. § 924(c) for Count Three, resulting in a Guidelines range of 90 to 97 months.

The district court, in making its determination, noted the advisory nature of the Guidelines and the sentencing goals stated in 18 U.S.C. § 3553(a). The district court then sentenced Halloran to 93 months imprisonment, consisting of 33 months on Counts One and Two and a 60-month mandatory consecutive term on Count Three. The district court also recommended substance abuse treatment for Halloran while incarcerated. Neither party objected to the court's sentence.

The district court's judgment as to Halloran was entered on March 5, 2010. Halloran filed his notice of appeal on March 27, 2010.

## II. ANALYSIS

### A. Standard of Review

We review a district court's sentence for procedural and substantive unreasonableness. *United States v. Bowers*, 615 F.3d 715, 725 (6th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Procedural unreasonableness exists where the district court improperly calculated the Guidelines, treated the Guidelines as mandatory, failed to consider the factors set forth in 18 U.S.C. § 3553(a), based the sentence upon clearly erroneous facts, or otherwise failed to provide an adequate explanation for the sentence. *Gall*, 552 U.S. at 51. A sentence is substantively

3

unreasonable where, considering the totality of the circumstances, "the factors found in § 3553(a), on a whole, do not justify the sentence imposed." *United States v. Coleman*, 627 F.3d 205, 210 (6th Cir. 2010) (citing *Bowers*, 615 F.3d at 725). We apply an abuse-of-discretion standard in considering whether a sentence is procedurally or substantively unreasonable. *United States v. Griffin*, 530 F.3d 433, 439 (6th Cir. 2008) (citing *Gall*, 552 U.S. at 51). A rebuttable presumption of reasonableness applies to a sentence within the Guidelines range. *Id.* at 439; *United States v. Wilms*, 495 F.3d 277, 280 (6th Cir. 2007).

**B. Substantive Reasonableness**

Because Halloran does not argue that his sentence was procedurally unreasonable, we review Halloran's sentence for substantive reasonableness only. *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008). "'A reviewing court will find that a sentence is substantively unreasonable where the district court select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor.'" *Griffin*, 530 F.3d at 439-40 (quoting *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008)). We give due deference to a district court's decision and "[t]he fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

Halloran argues that the sentence imposed by the district court is substantively unreasonable because it was greater than necessary. Halloran believes the district court should have imposed a nominal sentence on Counts One and Two since he was already subject to a five year mandatory minimum sentence on Count Three. In support of this argument, Halloran notes that he is relatively

young, has never served a jail sentence, and is in need of the benefits of drug treatment rather than prolonged incarceration. In addition, Halloran argues that the consecutive mandatory minimum term of 60 months is double the advisory Guidelines range for Counts One and Two, and therefore, combining the two terms resulted in a sentence greater than necessary.

The sentence imposed by the district court is squarely within the Guidelines range and is entitled to a presumption of reasonableness. The burden is on the defendant to rebut this presumption. *United States v. Martinez*, 588 F.3d 301, 328 (6th Cir. 2009) (citing *United States v. Caver*, 470 F.3d 220, 247 (6th Cir. 2006)). Halloran has failed to do so. He has not alleged that the district court improperly considered the relevant sentencing factors or imposed the sentence arbitrarily. Nor has Halloran identified a factor the district court failed to consider that supports his argument that the sentence imposed is greater than necessary. At the sentencing hearing, the district court acknowledged Halloran's age, characteristics and family attachments, but also noted that Halloran's punishment was a consequence of his actions, which included possession of a firearm. The district court was well within its discretion.

## III. CONCLUSION

For the foregoing reasons, we find that the sentence imposed by the district court is not unreasonable and **AFFIRM** the judgment of the district court.