NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0114n.06

No. 14-5171

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
*Feb 06, 2015*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| WILLIAM DOWNEY, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: BATCHELDER and KETHLEDGE, Circuit Judges; COLLIER, District Judge.[*]

KETHLEDGE, Circuit Judge. William Downey appeals the district court's determination that it lacked authority under 18 U.S.C. § 3582(c) to reduce Downey's sentence. We affirm.

In 2006, Downey pled guilty to possession of crack-cocaine with the intent to distribute, and to a related conspiracy charge. *See* 21 U.S.C. §§ 841(a)(2), 846. Downey was subject to a mandatory-minimum sentence of 240 months. The district court also found that Downey was a career offender, which made his advisory Guidelines range even higher: 262-327 months. *See* U.S.S.G. § 4B1.1. The government moved under 18 U.S.C. § 3553(e) for a sentence below the statutory minimum, and under Sentencing Guideline § 5K1.1 for a below-Guidelines sentence. The district court granted both motions and sentenced Downey to 216 months' imprisonment.

---

[*] The Honorable Curtis L. Collier, Judge for the Eastern District of Tennessee, sitting by designation.

A few years later Congress passed the Fair Sentencing Act, which elevated the drug quantities necessary to trigger mandatory minimums for crack-cocaine offenses. Pursuant to the FSA, the Sentencing Commission lowered certain advisory ranges for crack-cocaine defendants. Thereafter, in this case, the district court sua sponte ordered consideration of the question whether the FSA and the new advisory ranges warranted a reduction in Downey's sentence. The probation officer prepared a report and the parties briefed the matter; but the court eventually determined that the new mandatory minimums and the amended Guidelines did not apply in Downey's case. The court thus concluded that it lacked authority under 18 U.S.C. § 3582(c) to reduce Downey's sentence. We review that conclusion de novo. *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013).

Under § 3582(c)(2), a district court may reduce a prisoner's sentence if the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). Here, Downey was sentenced as a career offender under U.S.S.G. § 4B1.1. And as a career offender, Downey's Guidelines range would be the same today as it was on the day he was sentenced: 262-327 months. Thus, Downey's sentence was not based on a Guidelines range that was lowered pursuant to an amendment to the Guidelines, which means that relief under § 3582(c)(2) is not available to him. *See Riley*, 726 F.3d at 759.

In response, Downey argues that he is not a career offender. Specifically, he contends that, in *Begay v. United States*, 553 U.S. 137 (2008), the Supreme Court changed the standard for determining whether a prior conviction counts as a predicate for a career-offender enhancement, and that one of his prior convictions does not meet that standard. But *Begay* is inapposite here. A defendant may obtain relief under § 3582(c) only when his Guidelines range is lowered as a

result of an amendment to the Guidelines themselves. *See* 18 U.S.C. § 3582(c)(2). Changes in the caselaw are irrelevant. Thus, the district court correctly determined that it lacked authority under § 3582(c)(2) to reduce Downey's sentence.

Downey also argues that he is entitled to relief under § 3582(c)(2) because the FSA lowered his mandatory minimum. But that argument fails for two reasons. First, the FSA "does not apply" to defendants "sentenced before its effective date," *United States v. Blewett*, 746 F.3d 647, 651 (6th Cir. 2013) (en banc); and Downey was sentenced before that date. Second, as shown above, whether the FSA lowered Downey's mandatory minimum is immaterial, because his sentencing range was based on his career-offender enhancement.

Downey further argues that his sentence violates the Equal Protection Clause and the Eighth Amendment. We rejected the same arguments in *Blewett*, *id.* at 659-60; so we reject them again here.

Finally, Downey argues that his sentence is procedurally and substantively unreasonable. We lack jurisdiction to address that argument in an appeal from a § 3582(c)(2) proceeding. *See United States v. Bowers*, 615 F.3d 715, 727 (6th Cir. 2010).

The district court's judgment is affirmed.