NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0535n.06

Case No. 15-6369

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 15, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| CHARLES TYRONE WARREN, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | O P I N I O N |

BEFORE: COLE, Chief Judge; DAUGHTREY and MOORE, Circuit Judges.

COLE, Chief Judge. Charles Tyrone Warren pleaded guilty to trafficking in crack cocaine and was sentenced to 135 months' imprisonment. He later sought a sentence modification under 18 U.S.C. § 3582(c)(2). The district court exercised its discretion to reduce Warren's sentence to 110 months' imprisonment. Dissatisfied with the extent of that reduction, he now appeals. Warren asked us to review the district court's sentencing decision under a "reasonableness" standard, but our precedents say otherwise. *See United States v. Bowers*, 615 F.3d 715, 716–17 (6th Cir. 2010). We dismiss the appeal for lack of jurisdiction.

**I. BACKGROUND**

In 2010, Warren pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base. His base offense level of 34, coupled with a

criminal history category of IV, produced an advisory guidelines range of 235 to 293 months' imprisonment. Warren was also subject to a 240-month mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). This became the low end of his guidelines range. The government moved for, and the court granted, a five-level substantial assistance departure under 18 U.S.C. § 3553(e) and USSG § 5K1.1. Warren's guidelines range was thus reduced to 135 to 168 months' imprisonment, and the district court ultimately sentenced him to 135 months' imprisonment (a 43.75 percent departure below his guidelines range).

In March 2015, after certain amendments to the guidelines, Warren filed a motion for a sentence modification under 18 U.S.C. § 3582(c) and USSG § 1B1.10. Under the new guidelines, his range was 155 to 188 months' imprisonment, and a similar 43.75 percent downward departure for the substantial assistance would have resulted in an 85-month term. The government did not oppose the reduction in principle but noted that 85 months' imprisonment was a 65 percent reduction from his original mandatory minimum of 240 months. After considering the 18 U.S.C. § 3553(a) factors, the district court ruled that a reduction was appropriate but only reduced Warren's sentence to 110 months' imprisonment.

Warren now appeals the district court's sentencing decision.

## II. ANALYSIS

Section 3582(c)(2) "delineates a limited set of circumstances in which a sentence may be corrected or reduced." *Dillon*, 560 U.S. at 828. That provision is a "congressional act of lenity" which allows for a "limited adjustment to an otherwise final sentence and not a plenary resentencing." *Id.* at 826, 828. The statute establishes a "two-step inquiry": first, a court must "determine that a reduction is consistent with [USSG] § 1B1.10" and, second, "it may consider

whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.* at 826.

Warren argues that this court should apply the Ninth Circuit's standard, and that, under that standard, his modified sentence was procedurally and substantively unreasonable. In *United States v. Dunn*, 728 F.3d 1151 (9th Cir. 2013), the Ninth Circuit held that the second step of the sentence modification process—application of the § 3553(a) factors—should be reviewed for reasonableness as defined in *United States v. Booker*, 543 U.S. 220, 260–62 (2005), and *Gall v. United States*, 552 U.S. 38, 51 (2007). Warren claims that the district court "did not provide adequate explanation for the sentence" and "placed an unreasonable amount of weight on a particular factor." Appellant's Br. 13.

But that is not the law in this circuit. Here, as the government aptly points out, "our jurisdiction to consider the appeal of a § 3582(c)(2) determination, like our jurisdiction to consider the appeal of a Rule 35(b) determination, . . . come[s] from [18 U.S.C.] §3742." *Bowers*, 615 F.3d at 722. Section 3742(a) "authorizes us to review the outcome of a sentencing-reduction proceeding only where the resulting sentence '(1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is greater than the sentence specified in the applicable guideline range; or (4) was imposed for an offense for which there is no guideline and is plainly unreasonable.'" *Id.* at 723 (quoting *United States v. Moran*, 325 F.3d 790, 792 (6th Cir. 2003)).

As we have held, and Warren concedes, "a defendant's allegation of *Booker* unreasonableness in a § 3582(c)(2) proceeding does not state a cognizable 'violation of law' that § 3742(a)(1) would authorize us to address on appeal." *Id.* at 727. We understand that Warren may be seeking en banc review with regard to that issue. But "[t]his panel is without authority to

overrule binding precedent." *Sykes v. Anderson*, 625 F.3d 294, 319 (6th Cir. 2010); *see also* 6th Cir. R. 32.1(b).

Warren has not alleged or argued that the district court's decision to reduce Warren's sentence was a cognizable "violation of law" or a "result of an incorrect application of the sentencing guidelines." *See* 18 U.S.C. § 3742(a). Nor was Warren's sentence "greater than the sentence specified in the applicable guideline range" or "imposed for an offense for which there is no guideline." *See* 18 U.S.C. § 3742(a). We thus lack jurisdiction over the appeal.

### III. CONCLUSION

We dismiss the appeal for lack of jurisdiction.